**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| USA,<br>     Plaintiff,<br>  v.<br>TATUM,<br>     Defendant. | Case No. 97-cr-40172-DLJ-2<br><br>**ORDER GRANTING MOTION FOR TERMINATION OF SUPERVISED RELEASE** |

Defendant Charles L. Tatum, II ("Tatum") has filed a motion for early termination of supervised release. *See* Mot., ECF 227. At the request of the Court, Plaintiff United States of America ("the Government") and the U.S. Probation Office ("Probation") have filed responses to the motion. Both the Government and Probation have stated that they have no objection to the early termination of Tatum's supervised release. *See* Gov't Resp., ECF 230; Probation Letter 3, ECF 229. No hearing is required on Tatum's motion and the Court finds that the motion is appropriate for disposition without oral argument. *See* Fed. R. Crim. P. 32.1(c)(2) (no hearing required before modifying conditions of supervised release where relief sought is favorable to defendant and does not extend term of supervised release, and government receives notice of relief sought and does not object). The motion is GRANTED for the reasons set forth below.

On July 15, 1998, Tatum was sentenced to 240 months imprisonment followed by a ten-year term of supervised released for Possession with intent to Distribute and Distribution of Cocaine in violation of 21 U.S. C. § 841(a)(1). *See* Probation Letter 1. Mr. Tatum had prior federal convictions for Unlawful Use of a Communication Device and Facilitating the Distribution of Cocaine, Possession with Intent to Distribute Cocaine and Possession of Cocaine with Intent to Distribute, and Carrying a Firearm in Relation to Drug Trafficking Crime. *Id.* Tatum's

supervision began on May 13, 2014. *Id.*

Probation reports that Tatum has completed approximately eight-and-a-half years of his ten-year term of supervised release. *See id.* He is 63 years old and has maintained a stable residence and full-time employment. *See id.* at 2. He paid his special assessment in full and has maintained contact with Probation and submitted required monthly supervision reports. *Id.* Tatum has been compliant with all conditions of supervision, and there are no identifiable issues or circumstances that require further monitoring or assistance from the Probation Office. *See id.* There is no evidence to suggest that Tatum is involved criminal activity. *See id.* Tatum has been gainfully employed at Westside Community Services since November 8, 2013. *Id.* at 1-2. Westside Community Services provides mental health, educational, and social services in San Francisco. *Id.*

A district court may, after considering a specified subset of the sentencing factors enumerated in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Ninth Circuit recently clarified in *Ponce* that the district court need not find undue hardship or exceptional circumstances to terminate supervised release. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

The subset of sentencing factors identified in § 3583(e) as relevant to the decision whether to terminate supervised release include: "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); the need for the sentence "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); the need for the sentence "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D); "the kinds of sentence and

the sentencing range established for" similar offenses, § 3553(a)(4); "any pertinent policy statement" issued by the Sentencing Commission, § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6); and "the need to provide restitution to any victims of the offense," § 3553(a)(7). *See* 18 U.S.C. § 3583(e). The district court need not discuss every statutory factor, but it must provide an explanation for its ruling that is sufficient to permit meaningful appellate review. *See Emmett*, 749 F.3d at 821.

Several of these factors weigh heavily in favor of granting the current motion. While Tatum's offenses were serious, he has served his full term of imprisonment and the majority of his term of supervised release. He has re-integrated into society, has complied with his conditions of supervision in all respects, and has not given any indication that he poses a risk to the community. Tatum has maintained a stable residence and full-time employment. Neither the Government nor Probation opposes Tatum's motion. On this record, the Court finds that early termination of Tatum's term of supervised release "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Accordingly, IT IS HEREBY ORDERED that Tatum's motion for early termination of supervised release is GRANTED.

**IT IS SO ORDERED.**

Dated: November 8, 2022

_____
BETH LABSON FREEMAN
United States District Judge

3